230 So.2d 417 (1970)
Succession of Saul MILLER.
Marie Safialee Miller BERGERON, Plaintiff-Appellant,
v.
Louise Castille MILLER, Individually and as Natural Tutrix of Minor, Defendant-Appellee.
No. 2963.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1970.
Rehearings Denied February 4, 1970.
Writ Refused April 3, 1970.
Mouton, Beard, Plaisance & Franques, by Caliste Beard, Jr., Lafayette, for plaintiff-appellant.
Edwards, Edwards & Broadhurst, by Homer E. Barousse, Jr., Crowley, for defendant-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff-appellant has appealed from a judgment of the district court rejecting her demands in the succession in the instant case.
The facts are not at issue and are as follows:
1. That Saul Miller, deceased, was married to Evelia Roy on May 10, 1919, and the marriage terminated on December 13, 1934, by reason of the death of the wife. No children were born of this union.
2. That appellant, Marie Safialee Miller, was born September 18, 1937; that Saul Miller was the father of the child; and that Saul and the mother of Marie never did marry, but at the time of her conception and birth, they were both single and capable of marriage to one another.
3. On March 3, 1953, Saul Miller legitimated Marie by notarial act.
4. Saul was married to Louise Castille on November 18, 1961, and that of this union Alma Marie Miller was born on February 17, 1962.
5. Saul Miller died testate on August 5, 1963, leaving all of his property to Louise and Alma.
In his written opinion the district judge said:
"This case presents for decision the status of a child legitimated (or sought to be legitimated) by notarial act under the provisions of Civil Code Article 200, where the parent had no legitimate ascendants or descendants at the time of the notarial act, but who subsequently married and had a legitimate child born of the marriage. As well as this court *418 can determine, this question is res nova in Louisiana."
The court decided that the legitimated child could not inherit from the Succession of Saul Miller because of the subsequent birth of Alma Marie Miller. This decision was based on LSA-C.C. Articles 198, 199, 200 and 201, dealing with legitimation, and concluded that legitimation by marriage under the provisions of LSA-C.C. Article 198 prevailed over legitimation by notarial act where there were children born of a lawful marriage subsequent to the notarial legitimation. The district judge stated that the notarial legitimation was in a state of suspension and became effective only if the person legitimating died without leaving ascendants or descendants.
The articles dealing with legitimation as above mentioned read as follows:
"Art. 198. Legitimation by subsequent marriage of parents
"Children born out of marriage, except those who are born from an incestuous connection, are legitimated by the subsequent marriage of their father and mother, whenever the latter have formally or informally acknowledged them for their children, either before or after the marriage."
"Art. 199. Rights of children legitimated by subsequent marriage
"Children legitimated by a subsequent marriage have the same rights as if they were born during marriage."
"Art. 200. Legitimation by notarial act
"A natural father or mother shall have the power to legitimate his or her natural children by an act passed before a notary and two witnesses, declaring that it is the intention of the parent making the declaration to legitimate such child or children. But only those natural children can be legitimated who are the offspring of parents who, at the time of conception, could have contracted marriage. Nor can a parent legitimate his or her natural offspring in the manner prescribed in this article, when there exists on the part of such parent legitimate ascendants or descendants."
"Art. 201. Legitimation of deceased children
"Legitimation may even be extended to deceased children who have left issue, and in that case it inures to the benefit of such issue."
Two cases have been cited by counsel. Marionneaux v. Dupuy, 48 La.Ann. 496, 19 So. 466; and Davenport v. Davenport, 116 La. 1009, 41 So. 240.
In Marionneaux, supra, the deceased, before his death, went before a Notary Public and executed an act in which he acknowledged plaintiffs his natural children, and in said act, he stated that the purpose of making the declaration was to legitimate them. After the declaration he executed a will leaving the bulk of his estate to other parties. Plaintiffs brought suit to receive their legitime claiming they were forced heirs. The trial judge held adversely to them. The Supreme Court affirmed, holding that the children were merely acknowledged, and hence could not contest the will. The Supreme Court also stated it was doubtful about the validity of legitimation by notarial act since C. C. Article 199 applied only to legitimation by marriage.
In Davenport, supra, the decedent, shortly before his death, by notarial act acknowledged plaintiffs as his natural children; and stated that the purpose of the notarial act and declaration therein was to legitimate said children. Thereafter he executed two wills. In the first he left the children one-fourth of his estate; and in the second, he made them the universal legatees. After his death the plaintiffs, collateral heirs of plaintiffs, sued to have the act of acknowledgment and the two wills to be declared null, contending that children legitimated by notarial act had the same status as acknowledged children. The district court rejected the contentions of plaintiffs and held that the legitimation *419 by marriage or by notarial act conferred on children as legitimated the status of children born during marriage. The Supreme Court affirmed, and in its opinion said:
"In the case of Marionneaux v. Dupuy, 48 La.Ann. 496, 19 So. 466, the court found on the facts of the case, that the deceased had not intended to legitimate his children, but only to acknowledge them; hence all that may have been said in that decision touching the effects of legitimating must be considered as obiter. Moreover, it is not true that there is no provision of our law which confers upon legitimated children the right to take the inheritance of their parents. Section 2173 of the Revised Statutes confers it upon them in express terms, as follows:
"`They who are therein mentioned as being legitimated, can inherit both the estates of their fathers and other relations.'
"There is nothing in these statutes that would go to show that the lawmaker did not intend to use the word legitimate in its ordinary sense, and that is to make legitimate, or, in other words, to give the status of a child born in wedlock. Article 199, Civ.Code, which provides that `Children legitimated by a subsequent marriage have the same rights as if they were born during marriage,' seems to make a distinction between legitimation by marriage and by notarial act; but it was written at a time when marriage was the only mode of legitimation; and it has therefore to be read in the light of that fact. When the subsequent laws were passed providing the other mode of legitimation, there was no intention of creating a different class of legitimated children, a class possessed of no greater rights than children merely acknowledged."
LSA-R.S. 9:391 states:
"Natural fathers and mothers shall have power to legitimate their natural children, by acts declaratory of their intentions, made before a notary public and two witnesses; provided there existed at the time of the conception of such children, no other legal impediments to the inter-marriage of their natural father and mother except those resulting from color or the institution of slavery."
Thus, as stated by the Supreme Court in the Davenport case, supra, there are two methods by which natural children may be legitimated: (1) by subsequent marriage; and (2) by notarial act.
At the time appellant was legitimated there were no legal impediments to said act by her father.
To hold as the district judge did would be to add or read something into the clear provisions of LSA-C.C. Article 200.
There are two interesting articles on the subject written by Dr. Leonard Oppenheim of the Tulane Law School in 19 Tulane Law Review 341, 342; and 33 Tulane Law Review 53.
In the past the courts have given a liberal interpretation to the rights of legitimated children.
We are of the opinion that appellant is a forced heir of her father and is entitled to an undivided one-fourth interest in the property belonging to his succession.
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff-appellant, Marie Safialee Miller Bergeron, and against defendant-appellee, Louise Castille Miller, Individually and as Natural Tutrix of Minor, decreeing plaintiff to be the owner of an undivided one-fourth interest in the property belonging to the Succession of Saul Miller, Probate Docket No. 6479, records of Acadia Parish, Louisiana, and more particularly in and to the following described real estate, to-wit:
That certain tract or parcel of land containing thirty-five and 48/100 (35.48) acres, more or less, situated in Section *420 Thirty-one (31), Township eight (8) south, Range three (3) East, Acadia Parish, Louisiana, bounded now or formerly on the North by Public Road; South by W. Petitjean & Co., Carrie Lavergne, Gertie Lavergne Duhon and Clyde J. Mouton; East by Eddie Arceneaux and West by Public Road, acquired by decedent in Act of Partition which is filed under no. 267,201, records of Acadia Parish, Louisiana.
All costs of the district court and appeal to be paid by defendant.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.